# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEROME JUNIOR WASHINGTON, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 16-3424 |
| | : | CIVIL ACTION |
| LINK, SCI-GRATERFORD | : | |
| SUPERINTENDENT, MRS., et al., | : | |
| Defendants. | : | |

**MCHUGH, J.**                                                                                     **JANUARY 26, 2018**

## MEMORANDUM

This is a civil rights action brought by a state prisoner, Jerome Junior Washington, proceeding *pro se,* claiming violations of the 1st, 5th, 8th, 9th and 14th amendments. The essence of the case, however, is the removal, on two occasions, of property from his assigned cells while he was at SCI-Graterford, once in April, 2015, and once in January, 2016. Defendants have moved to dismiss on various grounds, each of which will be addressed, but the overarching issue is exhaustion.

Misconduct charges were brought in connection with both incidents of property removal, with the result that there were parallel tracks for grievance proceedings within the prison system. Chief Hearing Examiner Dupont reviews misconduct appeals. He has submitted a declaration to the Court. Def.'s Mot. Ex. 1, ECF No. 17-1. In it, he explains that the misconduct Mr. Washington refers to in his amended complaint, which included the sanction of confiscation of his property in April of 2015, was not appealed to final review, whereas Mr. Washington's other misconducts in the same time period were appealed to final review. *Id.* at 3.

Defendants have submitted computer screen shots recording the processing of the inmate's grievances during the period at issue at SCI-Graterford and at SCI-Chester. Def.'s Mot. Ex. C, ECF No. 17-4. The grievances, results and appeals are listed in chronological order, and denote the subject of each grievance. They show that, while at SCI-Graterford, Mr. Washington submitted a grievance about his property on May 6, 2015; the grievance was denied on May 29, 2015, and he did not appeal it either to the superintendent or for final review. *Id.* at 2. A subsequent grievance about property, on June 4, 2015 was rejected, and he did not appeal that. *Id.* at 4. Once he was transferred to SCI-Chester, Mr. Washington submitted three additional grievances about property. *Id.* at 8–11. All three were rejected, and none were appealed.

With respect to the April 2015 incident, the sanction meted out by the hearing examiner for the misconduct was confiscation of contraband property ("revoke contraband"). Def.'s Mot. Ex. B at 2, ECF No. 17-3. Rather than following the misconduct appeal procedure, Mr. Washington appealed directly to the superintendent. Nonetheless the Program Review Committee (PRC) accepted his appeal as a first level appeal, reviewed the documentation and upheld the result. *Id.* at 4. Mr. Washington did not appeal further. Def.'s Mot. Ex. 1 at 3, ECF No. 17-1.

There are questions on this Court's standard form complaint for cases brought by prisoners proceeding pro se regarding exhaustion of administrative processes. *Complaint Under the Civil Rights Act* § IV, Forms - Pro Se, United States District Court for the Eastern District of Pennsylvania (Jan. 22, 2018), http://www.paed.uscourts.gov/documents2/forms/forms-pro-se. Mr. Washington does not address the misconduct appeal process, though he does address the grievance appeal process. He contends that he grieved the loss of his property, but apparently concedes that he did not exhaust the grievance appeal process, ostensibly because administrators

2

failed to respond to his grievance. With respect to the allegations of non-responsiveness, Mr. Washington raises his correspondence with Michael Bell, the grievance coordinator at the Department of Corrections Central Office in Mechanicsburg.

Turning to the substance of Plaintiff's claims, I am persuaded that the "explicit textual source" rule applies, *Albright v. Oliver,* 510 U.S. 266 (1994), and that Plaintiffs' claims under the First, Fifth, Eighth, and Ninth Amendments are subsumed within his claims for denial of procedural due process under the Fourteenth Amendment.

As to Superintendent Link, Plaintiff has not pleaded facts plausibly supporting her personal involvement in any of the conduct about which he complains. Because there is no *respondeat superior* liability under § 1983, she is entitled to dismissal.

As to Sgt. Stephany, Plaintiff claims that the April, 2015 confiscation of property arising from a misconduct charge violated his rights. As Defendant points out, the disciplinary procedure itself confers rights that comport with the requirements of due process. Judge Leeson recently reviewed the controlling law on this subject and I adopt his well-reasoned opinion and conclusions. *Kanu v. Lindsey*, 2016 WL 1086565 (E.D. Pa. 2016). *See also Thompson v. Lehaman*, 1992 WL 28052 (E.D. Pa. 1992).

The defense is further correct that Plaintiff did not exhaust this claim, which is mandatory, *Woodford v. Ngo,* 548 U.S. 81, 85, 94 (2006), and that exhaustion is a defense properly considered on a motion to dismiss, *Small v. Camden Cty*., 728 F.3d 265, 268–69 (3d Cir. 2013). On considering exhaustion, it is permissible for me to consult indisputably authentic documents. *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). Here, the PRC reviewed the misconduct, affirmed the result on May 7, 2015, but Plaintiff did not appeal. I am persuaded by the authenticity of the documentation presented, and conclude as a threshold matter that Plaintiff

has failed to exhaust. Dismissal is therefore warranted under 42 U.S.C. Section 1997(e).

Similarly, as to the claims against Sgt. Peters and Correctional Officer Voorhees, Defendants assert a failure to exhaust. Plaintiff does not contest his failure to pursue the grievances to conclusion, but as noted above argues that his attempts to do so were rebuffed by Mr. Bell. I have reviewed the document which sets forth the response of Mr. Bell, conclude that the document is indisputably authentic, and that it demonstrates Plaintiff was specifically advised of the procedural errors he was making in seeking to pursue his grievances. *See* Def.'s Mot. Ex. D at 6, ECF No. 17-5. Consequently, this claim must also be dismissed for failure to exhaust.

    /s/ Gerald Austin McHugh
United States District Judge