IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**JEROME JUNIOR WASHINGTON,** :
:
:
**v.** : **CIVIL ACTION NO. 16-3424**
:
**LINK, et al.** :

MEMORANDUM

**McHUGH, J.**                                                                                   **October 14, 2020**

      This is a civil rights action brought by a state prisoner, Jerome Junior Washington, proceeding pro se, claiming violations of the 1st, 5th, 8th, 9th and 14th amendments. At the heart of the case is the removal, on two occasions, of property from his assigned cells while he was at SCI-Graterford, once in April, 2015, and once in January, 2016. Plaintiff contends that what was taken represented irreplaceable writing, artworks, and family memorabilia. At the outset of the case, the Court, working through a law clerk, made repeated inquiries of the assigned assistant attorney general to see if the property could be located and returned. Such efforts did not bear fruit, and ultimately Defendants' motion to dismiss for failure to exhaust was granted. The Court of Appeals remanded, expressing concern that I might have improperly decided factual issues in resolving the motion and denying reconsideration.

      To give Plaintiff a full opportunity to develop his case, I did not revisit the motion to dismiss but entered a scheduling order permitting discovery. ECF 36.[1] I considered and denied Plaintiff's motion to appoint counsel. ECF 42. Plaintiff was deposed, and the discovery deadline expired in mid-summer 2019. Plaintiff supplemented the record with a series of filings, ECF 47,

---

[1] The scheduling Order was originally returned as undeliverable, but later successfully mailed. Regardless, the discovery deadline was later extended. ECF 44.

1

48, 40. The dispositive motion deadline expired without either party moving for resolution, and for practical purposes the remaining question was when the Court could find time on the docket to transport Mr. Washington to Philadelphia for purposes of trial.

Plaintiff has since twice moved to compel discovery (ECF No. 53, 56), has again moved for appointment of counsel (ECF No. 51), and finally for some reasons has moved to remove Judge Eduardo C. Robreno, Jr. from the case. (ECF No. 57). I will address each motion in turn.

Decisions regarding motions to compel discovery have long been "committed to the sound discretion of the district court." *DiGregorio v. First Rediscount Corp.,* 506 F.2d 781, 788 (3d Cir.1974). On January 30, 2019, I issued a scheduling order that all discovery should be completed by May 30, 2019 (ECF No. 36). As noted above, there was a delay in that order reaching Plaintiff. Nonetheless, on May 30, 2019, I granted Defendants' motion for an extension of time to complete discovery, thus extending all deadlines an additional 45 days (ECF No. 44). To whatever extent Plaintiff might have been prejudiced by the initial delay in service of the January 30, 2019 scheduling order, which lasted approximately 30 days, such prejudice was cured by the 45-day extension.

Furthermore, Plaintiff's motions to compel discovery do not indicate that Plaintiff ever requested discovery from Defendants prior to the extended deadline of July 2019. *See* Pl's. Mot. to Compel Disc., January 16, 2020; Pl's. Mot. to Compel Disc., October 1, 2020. Indeed, it appears that Plaintiff is attempting to seek discovery involving events that occurred in January 2020, approximately six months *after* the discovery deadline set by this Court.[2] I will deny both motions. Discovery must be relevant to be permissible, and "[i]n order to succeed on a motion to compel

---

[2] For example, what appears to be an interrogatory at the top of page 3 of Plaintiff's first motion to compel discovery (ECF 53) is based on an incident that allegedly occurred on January 5, 2020, long after the discovery deadline passed in July 2019. *See* Pl's. Mot. to Compel Disc. January 16, 2020.

discovery, a party must first prove that it sought discovery from its opponent." *Petrucelli v. Bohriner & Ratzinger*, 46 F. 3d 1298, 1310 ; Fed. R. Civ. P. 37(a)(2)(A).

On January 16, 2020, Plaintiff also moved for appointment of counsel. *See* Pl's. Mot. for Appointment of Counsel. However, I already denied Plaintiff's earlier motion for appointment of counsel on April 16, 2019 (ECF No. 42). As previously outlined, although courts may request appointed counsel for indigent civil litigants, 28 U.S.C. § 1915(e)(1), the Third Circuit has emphasized "that volunteer lawyer time is extremely valuable," and "district courts should not request counsel . . . indiscriminately." *Tabron v. Grace*, 6 F.3d 147, 157 (3d Cir. 1993). After carefully considering the Third Circuit's *Tabron* factors, *Id.* at 156, I could not conclude in April 2019 that Plaintiff's claims were "truly substantial" such that counsel should be appointed. *Id.* Nor am I persuaded otherwise now.[3] I am therefore denying Plaintiff's motion for appointment of counsel.

Plaintiff has also moved "to stop the delay" (ECF No. 54) and moved for emergency telephone conferences (ECF No. 52, 55). Regrettably, the pandemic has significantly slowed the operation of the federal courts. To the extent that proceedings can be held, priority is necessarily given to criminal cases and petitions for release from custody, rather than civil cases. And civil cases that require the movement of parties in custody cannot proceed where there is a risk of spreading infection by transferring inmates between institutions. That remains the case. Accordingly, these motions will also be denied.

---

[3] Plaintiff has proffered additional facts based on events that allegedly occurred in 2020, involving threats of retaliation by prison officials at SCI Rockview. *See* Pl's. Mot. for Appointment of Counsel, January 16, 2020. However, Plaintiff has not sought to amend his Complaint; and regardless, the Eastern District of Pennsylvania would not be the proper venue to litigate any claims based upon those allegations, as they occurred outside this judicial district and involve different defendants. *See* 28 U.S.C. § 1391.

Finally, on October 8, 2020, Plaintiff moved to remove Judge Eduardo C. Robreno, Jr. due to bias and prejudice. *See* Pl's. Mot. to Remove Judge Eduardo C. Robreno. The Third Circuit has outlined the proper procedure for disqualification for bias or prejudice under 28 U.S.C. § 144 as follows: "Recusal motions pursuant to this statute must . . . include an affidavit stating material facts with particularity which, if true, would lead a reasonable person to the conclusion that the district judge harbored a special bias or prejudice towards defendants." *United States v. Rosenberg*, 806 F. 2d 1169, 1173 (3rd Cir. 1986). It would be impossible for Plaintiff to provide such facts here, as Judge Robreno is not assigned to this case. I am therefore denying this motion as well.

To the extent Plaintiff believes he has been the victim of wrongful conduct at SCI-Rockville, he must properly file such claims in the Middle District of Pennsylvania. To the extent he seeks belatedly to compel discovery, his motions lack merit. And as to Plaintiff's frustration that this case has not be able to proceed to trial, the Court is unable to remedy that situation because of circumstances beyond its control.

/s/Gerald Austin McHugh  
United States District Judge